IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FRITTO JEAN-JACQUES,**

    **Plaintiff,**

vs.                            Case No. 4:22-cv-00083-AW-MAF

**BLACKWATER CORRECTIONAL
FACILITY,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, filed a second amended complaint pursuant to 42 U.S.C. § 1983 (ECF No. 14) and paid the filing fee (ECF No. 4). The Court provided Plaintiff multiple opportunities to amend. For the reasons stated, the case should be dismissed for failure to state a claim and because it is futile to amend. The procedural history of this case warrants discussion.

**I. Procedural History**

A. <u>Plaintiff's Initial Complaint, ECF No. 1</u>

Plaintiff initiated this case on February 23, 2022, and initially, sued a judge, a district attorney, and a public defender. ECF No. 1, p. 2. The complaint was vague and generally alleged a "set up" and "disrespect[]" and

"mistreat[ment] by every person." Id., pp. 5-7. Plaintiff sought $5-10 million dollars" for "medical bills, lost wages, pain, and suffering." Id., p. 7. The Court screened the complaint and issued an order directing Plaintiff to amend because it was a shotgun pleading, certain defendants were immune from suit or were not state actors under Section 1983, and certain claims were likely barred by Heck v. Humphrey, 512 U.S. 477 (1994). ECF No. 3.

   B. Plaintiff's First Amended Complaint, ECF No. 8

Next, Plaintiff filed an amended complaint suing different defendants -- Blackwater Correctional Facility (Blackwater) and Wakulla Correctional Institution -- and described an entirely different set of scenarios from the first complaint. ECF No. 8. Plaintiff included frivolous exhibits unrelated to any claims. See Court order summarizing the amended complaint. ECF No. 10. Plaintiff claimed the prisons refused him a "high pro cal diet," failed to protect him from inmate threats, lost 30 days of his gain-time for disobeying a verbal order, and Sergeant Shields pushed and punched him. ECF No. 8. Plaintiff asked for compensatory damages, costs, and the restoration of gain time credits. The Court ordered Plaintiff to amend again and warned dismissal was likely because the complaint was a shotgun pleading, claims were likely barred by Heck and respondeat superior, and the claims were misjoined. ECF No. 10.

C. <u>Plaintiff's Motion for Miscellaneous Relief, ECF No. 12.</u>

Next, Plaintiff filed a "motion" claiming that he purchased $30 of phone time at the prison canteen but it was not available on his account; and he filed a grievance but received no resolution. ECF No. 12. Plaintiff claimed it was retaliation for filing the lawsuit and generally stated people were trying to kill him but provided no further information. <u>Id.</u> The Court denied relief because the "motion" was vague contained no factual support and there was no legally sufficient complaint for the case to proceed. ECF No. 13. Again, the Court ordered Plaintiff to amend in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Florida.

In total, on six occasions, the Court advised Plaintiff that the failure to abide by the Rules governing these proceedings or the failure to comply with Court orders would result in dismissal of the case pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. ECF Nos. 2, 3, 7, 10, 11, 13. Finally, Plaintiff filed the second amended complaint, which, despite prior advisements, remains legally insufficient.

**II.   Plaintiff's Second Amended Complaint, ECF No. 15**

Plaintiff resubmits his allegations he purchased $30 in phone time, which still has not posted to his account; and Officer Hilderbrent deducted 30 days of gain time from him for disobeying a verbal order. ECF No. 15,

pp. 5-6, 8. Plaintiff sues four defendants all in their official capacities: Mrs. Bryan, the canteen manager at Blackwater; GTL Phone Company, at Blackwater; and Officer Hilderbrent. Id., pp. 2-3. Blackwater is listed on the cover page but not in the Section IB. Id., pp. 1-3. Nonetheless, for the purposes of this Report, the Court reviewed the complaint considering Blackwater as a defendant.

Plaintiff states that Mrs. Bryan told him GTL is responsible for the phone accounts; and Captain Johns told him the GTL staff are retired. Id., p. 7. Plaintiff claims it is a violation of prison rules to fail to inform all inmates of the issue in advance. Id. He does not identify the rules at issue. Plaintiff claims he would not have purchased the phone time if he had been informed. Id. Plaintiff also separately claims that in August 2021, Officer Hilderbrent "took 30 days of [his] gaintime for disobeying a verbal order." Id., p. 8. Plaintiff wants his gain time credits restored, judgment against the defendants, "an amount to be determined at the time of trial including interest, pain, suffering, [and]costs expended in filing this suit." Id., pp. 8-9.

### III. Standard of Review – Applicable Law for Screening

Because Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and

non-IFP plaintiffs. See 28 U.S.C. § 1915A; see also Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam). Under both 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. See Wright v. Miranda, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. See Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "[t]o state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "To "[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Wright, 470 F. App'x at 694 (citing Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam)).

Complaints filed by *pro se* prisoners are held to "[l]ess stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404

U.S. 519, 520 (1972) (per curiam). However, although a *pro se* pleading is liberally construed, it still must "[s]uggest that there is some factual support for a claim." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

## IV. Discussion

### A. Shotgun Pleading

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015). Plaintiff does not number the paragraphs and is required to do so.

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—

does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give

the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Plaintiff must allege the facts which support the claim raised against each defendant. Legal conclusions are insufficient.

Here, Plaintiff presents no factual scenario applicable to Bryan and Blackwater other than two prison officials told him that GTL was responsible for the phone accounts and that GTL was retired. No facts suggest a constitutional violation committed by Mrs. Bryan or Blackwater. Similarly, the facts supporting Plaintiff's claim against Hildebrent are, at best, scant. Dismissal is appropriate, particularly when the Court advised Plaintiff on multiple occasions that shotgun pleadings were impermissible.

B. Misjoinder

Clearly, Plaintiff's allegations against different defendants arise out of a separate transaction, occurrence, or series of transactions or occurrences. Federal Rule of Civil Procedure 20(a)(2) provides that multiple defendants

may only be joined in the same action if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there must be a question of law or fact common to all defendants in the action. Fed. R. Civ. P. 20(a)(2). Both prongs of the test must be met for joinder to be appropriate.

Here, Plaintiff's allegations that he did not receive $30 of phone time credited to his account in April 2022 is separate from a claim that he lost gain time in August 2021 because he failed to abide by a verbal order. Defendants will present unique defenses that will require different evidence. Claims arising out of unrelated transactions or occurrences must be filed as separate actions subject to different case numbers and filing fees. The Court previously advised Plaintiff that it would not pick and choose which claims he should pursue. ECF No. 10, p. 11. Plaintiff submitted a letter (ECF No. 15) asking the Court to ignore the issue of misjoinder, but Rule 20 does not permit it. It is not within the Court's discretion to allow a case to proceed where misjoinder is evident.

C. Futility of Claims under Heck v. Humphrey, 512 U.S. 477 (1994)

A prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of

his conviction. See Heck, 512 U.S. at 487. As the Supreme Court has noted, the most obvious example of an action barred by Heck is one in which the plaintiff seeks relief directly attributable to conviction or confinement. In Edwards v. Balisok, the Supreme Court extended the rule of Heck, making it explicitly applicable in the prison disciplinary setting. The Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gain time, thus, affecting an inmate's period of incarceration. 520 U.S. 641, 648 (1997). Thus, a claim for monetary damages resulting from defects in a prison disciplinary hearing which resulted in the loss of gain time credits is not cognizable under § 1983 until the disciplinary report is successfully overturned through habeas.

Plaintiff has not indicated that the disciplinary report was overturned through any habeas proceeding; and he specifically seeks the restoration of his gain time credits. The Court previously advised Plaintiff that his claims against Hildebrent would likely be dismissed pursuant to Heck. ECF No. 10, p. 10. Because this claim is barred by Heck, it should be dismissed.

D. Respondeat Superior

Plaintiff's claims against Blackwater and GTL under a theory of vicarious liability or respondeat superior should be dismissed because, ordinarily, a Section 1983 action will not support such a claim. See Ashcroft

v. Iqbal, 556 U.S. 662, 675-76 (2009). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted).

Here, Plaintiff's complaint contains no allegations that it was a departmental policy or custom that caused any constitutional violation. At best, this is a one-time occurrence. More importantly, Plaintiff fails to attribute any set of facts to the prison. Accordingly, the claims against Blackwater and GTL should be dismissed.

## V.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b) for misjoinder under Fed. R. Civ. P. 20(a), because it fails to state a claim upon which relief can be granted, and because is otherwise barred pursuant to Heck v. Humphrey, 512 U.S.

477 (1994). Alternatively, the Court may dismiss the case for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is also recommended that the case be **CLOSED**. Finally, it is recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2022.

>  s/ Martin A. Fitzpatrick
>  **MARTIN A. FITZPATRICK**
>  **UNITED STATES MAGISTRATE JUDGE**